**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

BETHPAGE WATER DISTRICT,

                Plaintiff,

  **-against-**

UNITED STATES OF AMERICA,
DEPARTMENT OF THE NAVY,
NORTHROP GRUMMAN SYSTEMS
CORPORATION, and NORTHROP
GRUMMAN CORPORATION,

                Defendants.

**Complaint for a Civil Case**

Case No.   22-cv-2050

## Nature of the Action

1. This is an action brought for claims arising under and relating to Sites (defined below) and contaminants in groundwater derived, *inter alia*, from the Sites, including claims pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§9601-9675 ("CERCLA"), the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq ("RCRA"), and New York common law. Plaintiff Bethpage Water District ("BWD") seeks recovery against defendants United States of America and the United States Department of the Navy ("Navy") and Northrop Grumman Systems Corporation and Northrop Grumman Corporation (collectively referred herein as "Northrop Grumman"), in their capacities as prior owners and/or operators, of response costs incurred and to be incurred in connection with the disposal and release of hazardous substance(s) at or from the former Naval Weapons Industrial Reserve Plant and the former Northrop Grumman Bethpage Facility, located on approximately 605 acres in Bethpage, New York (hereinafter collectively referred to as the "Sites"). Hazardous substance(s) released and disposed of at the Sites during the time the defendants owned and/or operated the Sites threaten public water supply wells owned and operated by Plaintiff.

## Jurisdiction and Venue

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. §§ 9607(a) and 9613(b) and 42 U.S.C. § 6972(a). The court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over common law claims against Northrop Grumman .

3. The Court has authority to issue a declaratory judgment concerning the rights and liabilities of the parties pursuant to 42 U.S.C. § 9613(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 9613(b) because the Sites are located in this district and the disposal and release of the hazardous substances occurred in this district. In addition, the defendants conduct and/or have conducted business in this district.

**The Parties**

5. The plaintiff is a "person," as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. §9601(21), that has incurred and continues to incur necessary costs of "response," as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25) and is a "person," as that term is defined in RCRA, 42 U.S.C. § 6903(15).

6. Plaintiff BWD is a municipal corporation located at 25 Adams Ave, Bethpage, New York, that provides potable water to customers located within its district.

7. Defendants United States of America, and the Navy, which is a department of the United States, previously owned and/or operated the Sites.

8. Defendant Northrop Grumman Systems Corporation is a Delaware corporation with its principal place of business at 2980 Fairview Park Drive, in Falls Church, Virginia; Defendant Northrop Grumman Corporation is the corporate parent of Defendant Northrop Grumman Systems Corporation. Northrop Grumman previously owned and/or operated the Sites.

9. Defendants are a "person" as that term is defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21) and Northrop Grumman is a "person" as that term is defined in RCRA, 42 U.S.C. § 6903(13).

**Factual Background and Allegations**

10. BWD owns and operates public water supply wells and associated facilities and equipment, including BWD Plant Nos 4, 5, and 6.

11. From approximately 1933 to 1998, the Navy and Northrop Grumman owned and/or operated the Sites and certain volatile organic compounds were disposed of and/or released at the Sites during that time.

12. Some of the volatile organic compounds released at the Sites are presently characterized as "hazardous substances" within the meaning of CERCLA, 42 U.S.C. § 9601(14), including trichloroethylene (commonly referred to as TCE) and its breakdown products, 1,4-dioxane and 1,1,1-trichloroethane (commonly referred to as TCA).

13. There were other users of TCE, TCA and/or 1,4-dioxane upgradient from BWD's wells. Notably, 1,4-dioxane was used, including in Nassau County, in industrial processes, including at facilities other than the Former Grumman Site and NWIRP Bethpage, and was also a component of certain consumer products

14. Without appropriate treatment and/or replacement, the volatile organic compounds released at and migrating from the Sites have and will continue to contaminate BWD's public supply wells at Plants 4, 5, and 6.

15. In response to defendants' release of hazardous substances at the Sites, plaintiff has incurred, and will continue to incur, treatment, monitoring and assessment costs in an effort to protect its water supply, and will incur additional costs to design, construct, install and maintain treatment facilities adequate to address hazardous substances that emanate from the Sites.

**FIRST CLAIM FOR RELIEF**
**(CERCLA RESPONSE COST)**

16. Plaintiff repeats and realleges the allegations contained herein.

17. Defendants were, at the time when hazardous substances were disposed of and/or released at the Sites, the "owners" and/or "operators" of the Sites within the meaning of Sections 101(20)(A) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20(A), 9607(a)(2).

18. The Sites are a "facility" or "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

19. The acts and/or omissions of defendants with regard to the volatile organic compounds used at the Sites constituted a "release" and "disposal" of "hazardous substances" at or from the Sites within the meaning of Sections 101(14) and (22) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(14) and (22), 9607(a)(2).

20. The costs incurred by plaintiff in connection with the defendants' disposal and/or release of hazardous substances at and from the Sites were necessary and reasonable and incurred in a manner consistent with the federal National Contingency Plan.

21. The defendants are strictly liable, on a joint and several basis, as owners and/or operators of the Sites, under Section 107(a)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(2), for all costs incurred and to be incurred by plaintiff in response to the disposal and/or release of hazardous substances at and from the Sites.

**SECOND CLAIM FOR RELIEF**
**(RCRA; 42 U.S.C. § 6792(a)(1)(B) AS TO NORTHROP GRUMMAN)**

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 above.

23. Northrop Grumman is subject to a RCRA citizen enforcement action for its contributions to the past or present handling, storage, treatment, transport, and/or disposal of solid and/or hazardous wastes at the Sites, including VOCs and 1,4-dioxane.

24. Northrop Grumman's contribution to the past and/or present handling, storage, treatment, transport, and/or disposal of VOCs and/or 1,4-dioxane at the Sites may present an imminent and substantial endangerment to the environment.

### THIRD CLAIM FOR RELIEF
### (NEGLIGENCE AS TO NORTHROP GRUMMAN)

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 above.

26. Northrop Grumman, as the owner and/or operator of the Sites, owed a duty of care to BWD to use due care in the handling, control, use, transportation, and disposal of hazardous substances on the Site.

27. Northrop Grumman breached that duty by negligently or carelessly handling, controlling, transporting, disposing of, and otherwise causing the release into the ground in and around the Site of hazardous substances.

28. As a direct and proximate result of Northrop Grumman's acts and omissions as alleged herein, BWD has incurred, is incurring, and will continue to incur damages related to contamination of its wells.

### FOURTH CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 above.

30. An actual, substantial legal controversy now exists between plaintiff and defendants, in that plaintiff contends that defendants are liable to plaintiff for cost recovery under CERCLA Section 107(a) for response costs incurred and to be incurred, in connection with hazardous substances releases at and emanating from the Sites. Defendants contest this liability.

31. A declaration of the rights and obligations of the parties pursuant to 42 U.S.C. § 9613(g)(2), binding in any subsequent action or actions to recover all further response costs by plaintiff, is appropriate and in the interests of justice in that an early determination of this

controversy will avoid multiplicity of litigation and will provide assurance that plaintiff will be reimbursed so they will be able to take appropriate response actions to continue to protect the public water supply.

## **Prayer for Relief**

WHEREFORE, plaintiff prays for judgment against the defendants;

A. Awarding plaintiff's response costs pursuant to CERCLA plus such response costs as plaintiff may be required to incur in the future, including interest;

B. Awarding equitable relief under RCRA;

C. Awarding compensatory damages according to proof;

D. Declaring that the defendants are liable to plaintiff for the necessary environmental response costs incurred and to be incurred in the future in connection with the disposal and/or release of hazardous substances at and from the Sites;

E. Awarding interests, costs and disbursements of this action; and

F. Granting plaintiff such other relief as the Court deems just and proper.

Dated: April 11, 2022

Respectfully submitted,

*/s/ Matthew K. Edling*
Matthew K. Edling

MATTHEW K. EDLING
matt@sheredling.com
SHER EDLING LLP
100 Montgomery St., Suite 1410
San Francisco, CA 94104
Tel: (628) 231-2500
Fax: (628) 231-2929

*Attorneys for Plaintiff*
*Bethpage Water District*