UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BETHPAGE WATER DISTRICT,


                Plaintiff,                                   CV- 22-cv-2050
                                                       Civil Action

    - against -

UNITED STATES OF AMERICA,
DEPARTMENT OF THE NAVY, NORTHROP
GRUMMAN SYSTEMS CORPORATION, and
NORTHROP GRUMMAN  CORPORATION,



                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## CONSENT JUDGMENT

WHEREAS, Bethpage Water District, a municipal corporation located at 25 Adams Avenue, Bethpage, New York 11714 ("BWD"), has asserted that the Department of the Navy ("Navy") and Northrop Grumman Systems Corporation ("Northrop Grumman") are liable under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, for costs BWD has and/or will incur for response actions to address one or more groundwater plumes ("Plumes") located upgradient of BWD's Plants No. 4, 5, and 6; BWD has also asserted related legal claims against the United States and Northrop Grumman, including tort claims against Northrop Grumman;

WHEREAS, BWD alleges that the Plumes contaminated with volatile organic compounds ("VOCs;" including trichloroethylene ["TCE" and its breakdown products]), 1,4-dioxane, and other contaminants may be migrating, in part, from the former Naval Weapons

Industrial Reserve Plant ("NWIRP") Bethpage, as defined herein, and from the Former Grumman Site, as defined herein, as well as potentially from other third-party sites, in Bethpage, New York, including towards BWD's Plants No. 4, 5, and 6;

WHEREAS, 1,4-dioxane was used, including in Nassau County, in industrial processes, including at facilities other than the Former Grumman Site and NWIRP Bethpage, and was also a component of certain consumer products;

WHEREAS, there were other users of TCE, 1,1,1-Trichloroethane ("TCA") and/or 1,4-dioxane upgradient from BWD's wells;

WHEREAS, BWD has designed, constructed, operated and maintained wellhead systems for treatment of VOCs at BWD Plants No. 4, 5, and 6 and for treatment of 1,4-dioxane at BWD Plants No 5 and 6;

WHEREAS, in 2013 a Consent Judgment in *Bethpage Water District v. United States of America et al.*, 2:13-CV-3480 (Seybert, J.) ("2013 Consent Judgment") between BWD and the United States resolved BWD's claims for funding a wellhead treatment system that BWD designed, constructed, operated and maintained for treatment of VOCs at BWD Plant No. 6 and established a process whereby the United States would pay BWD the future costs of operating that system;

WHEREAS, as of December 31, 2021, the United States has paid to BWD over $17.33 million pursuant to the 2013 Consent Judgment related to BWD Plant No. 6, including capital costs and operation and maintenance of technologies for VOC treatment;

WHEREAS, BWD intends to continue operating Plants Nos. 5 and 6 as public water supply wells for the foreseeable future and then may relocate their drinking water capacity, if necessary, to Replacement Wells located outside of the Plumes;

WHEREAS, the Parties have negotiated a global final settlement for the United States and Northrop Grumman, which includes paying a portion of the capital costs for, and operation and maintenance costs of, the wellhead treatment systems at BWD Plants No. 5 and 6, and resolving any claims for BWD Plants No. 5 and 6 and for any associated Replacement Wells;

WHEREAS, Northrop Grumman intends to operate BWD Plant No. 4 for remedial purposes and BWD has, or intends to, develop Replacement Wells for Plant No. 4 to supply drinking water to its customers; as described herein, this Consent Judgment resolves any claims for BWD Plant 4 and for any associated Replacement Wells;

WHEREAS, the Parties resolve all claims without further litigation and without a litigated resolution or admission by either Party as to any remaining issues of fact or law;

WHEREAS, the Parties enter into this Consent Judgment voluntarily and mutually agree to undertake all actions required of them by the terms and conditions of this Consent Judgment; and

WHEREAS, the Parties agree, and the Court finds, that this Consent Judgment is fair, reasonable, lawful and in the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

## I.   JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 9613(b), and also has personal jurisdiction over the Parties. Solely for the purposes of this Consent Judgment and the underlying complaint, the United States and Northrop Grumman waive all objections and defenses that each may have to jurisdiction of the Court or to venue in this District.

## II.    PARTIES BOUND

2.    <u>The Parties</u>.  The Parties to this Consent Judgment are the Bethpage Water District ("BWD"), the United States of America ("United States") and Northrop Grumman Systems Corporation ("Northrop Grumman").

3.    <u>Application of this Consent Judgment</u>.  This Consent Judgment shall apply to, be binding upon, and inure to the benefit of BWD, the United States, and Northrop Grumman (collectively "the Parties").  This Consent Judgment shall not extend to or inure to the benefit of any party, person or entity other than the Parties, and nothing in this Consent Judgment shall be construed to make any person or entity not executing this Consent Judgment a third-party beneficiary to this Consent Judgment.

## III.    EFFECTIVE DATE

4.    <u>Effective Date</u>.  The Effective Date of this Consent Judgment shall be the date on which this Consent Judgment is entered by the Court.

## IV.    DEFINITIONS

5.    <u>Definitions</u>.  Unless otherwise expressly provided herein, terms used in this Consent Judgment which are defined in CERCLA or its implementing regulations shall have the meaning assigned to them in CERCLA or its implementing regulations.  Whenever the terms listed below are used in this Consent Judgment, the following definitions shall apply:

"2013 Consent Judgment" shall refer to the negotiated agreement entered in the United States District Court for the Eastern District of New York, CV-13-3480, between BWD and the United States regarding the costs of upgrading the wellhead treatment systems at BWD Plant 6 and related operation and maintenance costs.  The term "2013 Consent Judgment" also includes

the Amendment to the 2013 Consent Judgment entered in December 2017 by the United States

District Court for the Eastern District of New York, CV-13-3480.

"BWD" shall mean the Bethpage Water District, its affiliates, predecessors, parent

companies, subsidiaries, and all related entities, which is a Town Law Article 13 Commissioner

Elected Special Improvement District that provides water to customers and/or residents living

within the BWD, and any successor.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation,

and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-75.

"Covered Matters" shall mean any and all past, present, and future claims, known or

unknown, for Response Costs or any other form of relief under any provision of federal, state

or common law, including but not limited to CERCLA, state statute or regulation, contract,

torts, equity or common law that were, could now be, or hereafter could be asserted against the

United States or Northrop Grumman arising from or relating to Covered Substances and/or the

Plumes, including but not limited to disposal, release or threatened release of any

contaminant(s) at the NWIRP-Bethpage or the Former Grumman Site. Covered Matters is

limited to past, present, and future claims, known or unknown arising out of or relating to Plants

4, 5, 6, New Wells, and/or Replacement Wells. Covered Matters also includes the remaining

obligations of the United States under the 2013 Consent Judgment.

"Covered Substances" shall mean all substances identified by NYSDEC as

contaminants of concern for the Former Grumman Site and the NWIRP-Bethpage in the 2019

Amended Record of Decision (including, but not limited to, 1,4-dioxane and TCA) as well as

any per- and polyfluoroalkyl substances ("PFAS"), and any other substances that BWD knew or should have known of at the time of execution of this Consent Judgment.[1]

"Day" shall mean a calendar day.  In computing any period of time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next day that is not a Saturday, Sunday or federal holiday.

"Effective Date" shall mean the date the Court enters this Consent Judgment.

"Electronic Funds Transfer" shall mean the transfer of funds via FedWire pursuant to federal procedures for such a transfer and in accordance with account information provided by BWD.

"EPA" shall mean the United States Environmental Protection Agency.

"Former Grumman Site" shall mean the approximately 500 acres of property located in Bethpage, New York in east-central Nassau County that is owned, or formerly owned, by Northrop Grumman, including the 18-acre parcel that is now the Bethpage Community Park and the former Plant 24 Access Road, bounded generally by Stewart Avenue to the north, Central Avenue to the south, Route 107 to the southwest, and South Oyster Bay Road to the west.

"Navy" shall mean United States Department of the Navy.

"New Wells" shall mean any well or wells installed by BWD after the Effective Date of this Consent Judgment located where BWD knew, or should reasonably have known, that such well or wells would be impacted by the Plumes.

---

[1] The use of this definition does not constitute an admission by Northrop Grumman or the United States that the contaminants identified in NYSDEC's 2019 Amended Record of Decision were released at the Former Grumman Facility or at NWIRP-Bethpage.

"Northrop Grumman" shall mean Northrop Grumman Systems Corporation, formerly known as Northrop Grumman Corporation, and/or its predecessors and/or successors in interest (including Grumman Aircraft Engineering Corporation, Grumman Corporation and Grumman Aerospace Corporation), parent companies, subsidiaries, and all related entities, and their officers, employees and agents.

"NYSDEC" shall mean the New York State Department of Environmental Conservation, and any successor agency or official of the State of New York.

"NWIRP-Bethpage" shall mean the former Naval Weapons Industrial Reserve Plant ("NWIRP") located on approximately 105 acres in Bethpage, New York in east-central Nassau County near the intersection of South Oyster Bay Road and the Long Island Railroad tracks.

"Paragraph" or "Sub-paragraph" shall refer to an enumerated paragraph or sub-paragraph of this Consent Judgment.

"Plant No. 4" shall refer to the BWD public supply wells 4-1 and 4-2 that are found at the water supply plant, wells, and associated facilities, located at the BWD's Sophia Street site.

"Plant No. 5" shall refer to the BWD public supply well 5-1 that is found at the water supply plant, wells, and associated facilities, located at the BWD's Wilson Lane site.

"Plant No. 6" shall refer to BWD public supply wells 6-1 and 6-2 that are found at the water supply plant, wells, and associated facilities, located at the BWD's Park Lane site.

"Plumes" shall mean groundwater contaminated with volatile organic compounds, 1,4-dioxane and any Covered Substances that may have and/or may be migrating, in any degree, from the former NWIRP Bethpage and/or from the Former Grumman Site, as well as potentially from other third-party sites, towards BWD's public water supply wells.

"Replacement Wells" shall mean any well or wells previously installed, being installed

or that are installed in the future by or on behalf of or for BWD as replacement water supply well(s) for Plants No. 4, 5 or 6 (or individual wells within such Plants), including but not limited to investigations, studies, reports, test wells, permit applications, acquisition or lease or real property, storage tanks, new transmission lines, improvement of existing transmission lines, well houses, and/or site improvements, and further including but not limited to such activities associated with wells at South Park Drive and/or BGD (Plainview Road).

"Response Costs" shall mean any and all past, present and future costs that BWD has incurred or may incur for the planning, design, construction, operation and/or maintenance of systems for the treatment of groundwater (including any increase in operation and maintenance costs due to any change in standards or levels of Covered Substances) at BWD Plants No. 4, 5, and 6, or any Replacement Wells.

"United States" shall mean the United States of America, including all of its departments, branches, agencies, instrumentalities, components, and successors, and their officers, employees and agents, including, but not limited, to the United States Department of the Navy.

## V.    PAYMENT.

6.    Payment for Operation and Maintenance of Public Supply Well Treatment Systems.

a.    As soon as reasonably practicable after the Effective Date of this Consent Judgment, the United States agrees to pay to BWD the amount of $20,000,000 which resolves the Covered Matters.

b.    Northrop Grumman's obligations to pay BWD are contingent upon entry of the Consent Decree between the State of New York and Basil Seggos, as Commissioner of

NYSDEC and Northrop Grumman related to NWIRP-Bethpage and the former Grumman Site ("State Consent Decree").

      i.      Northrop Grumman shall pay to BWD the amount of $29,000,000, which resolves the Covered Matters and for utilization of BWD Plant 4 for remedial purposes, as set forth in this Consent Judgment and Appendix A.

      ii.      The payment terms are: Northrop Grumman shall pay $10,000,000 within 60 days of entry of this Consent Judgment and entry of the State Consent Decree; $14,000,000 on January 5, 2023; and $5,000,000 on January 6, 2024; this payment schedule must be consistent with the schedule in the State Consent Decree.

    c.      Payments by the United States and Northrop Grumman shall be in the form of Electronic Funds Transfer in accordance with instructions provided by BWD.

    d.      Northrop Grumman and BWD hereby enter into an agreement providing that Northrop Grumman may utilize BWD Plant 4 for remedial purposes.

7.      <u>Compliance with the Anti-Deficiency Act</u>. All payment obligations by the United States under this Consent Judgment are subject to the availability of appropriated funds applicable for that purpose. No provision of this Consent Judgment shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-44 and 1511-19, or any other applicable provision of law.

## VI.    **COVENANTS BY PARTIES**

8.      <u>Releases and Covenants Not to Sue</u>.

    a.      Upon the Effective Date, BWD forever releases, discharges, covenants not to sue, and agrees not to assert any claims, causes of action, suits or demands of any kind

whatsoever in law or in equity which it may have had, or hereafter has, against the United States or Northrop Grumman, or its officers, contractors, or employees, with respect to the Covered Matters, including but not limited to claims under Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613; Section 7002 of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972; tort claims, or any common law claims.

        b.      The release in the preceding Sub-paragraph does not apply if the United States or Northrop Grumman defaults on their payment obligations, as set forth in Paragraph 6.

        c.      The United States and Northrop Grumman forever release, discharge, covenant not to sue, and agree not to assert  any claims causes of action, suits or demands of any kind whatsoever in law or in equity which they may have had, or hereafter have, against BWD with respect to the Covered Matters, except that: (i) the United States specifically reserves its right to assert against BWD any claims or causes of action brought on behalf of EPA or a federal natural resources trustee; and (ii) nothing in this Consent Judgment shall constitute or be construed as a waiver, limitation or release of any claims or causes of action by the United States to enforce any federal laws or regulations at or in connection with BWD Plants No. 4, 5, and 6 or Replacement Wells.

        d.      The Parties specifically reserve the right to seek judicial enforcement of the terms of this Consent Judgment.

        e.      Nothing in this Consent Judgment shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Judgment.  The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Judgment may have under applicable law.

f.      Each of the Parties expressly reserves any and all rights (including, but not limited to, any right of contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Covered Matters and/or this Consent Judgment against any person not a Party hereto (except as noted in subsection g).   Nothing in this Consent Judgment diminishes the right of the United States or Northrop Grumman pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), to pursue any such persons to obtain response costs and to enter into settlements that give rise to contribution protection under Section 113(f)(2), except that the United States and Northrop Grumman shall not seek contribution as against each other for the Covered Matters.

g.      For the avoidance of doubt, this Consent Judgment provides contribution protection against tort claims, including in the lawsuit entitled *Bethpage Water District v. The Dow Chemical Company, et al.*, Case No. 2:19-cv-01348-NG-RLM (E.D.N.Y), to the United States and Northrop Grumman to the fullest extent of the law, including under New York General Obligations Law ("GOL") Section 15-108.  Consistent with GOL Section 15-108, Northrop Grumman and the United States waive any contribution rights either has against any tortfeasor involved in any claim covered by this Consent Judgment.

h.      The Parties agree there are no claims by BWD against Northrop Grumman and/or the United States arising from or related to the Plumes and groundwater contamination at BWD's public water supply plants or wells that are not included in the Covered Matters.

i.      The United States and BWD shall file a joint motion / stipulation to terminate the 2013 Consent Judgment after the Effective Date of this Consent Judgment.

9.      Other Obligations of BWD.

a.      BWD agrees to cooperate in and support in good faith any challenges to this Consent Judgment, including any asserted by other defendants in litigation involving the Covered Matters.  BWD agrees to cooperate in and support any action needed to dismiss any claims and/or causes of action related to the Covered Matters, including any arising from third-party claims in the lawsuit entitled *Bethpage Water District v. The Dow Chemical Company, et al.*, Case No. 2:19-cv-01348-NG-RLM (E.D.N.Y).

b.      BWD shall inform the State in writing that it supports judicial approval of the proposed State Consent Decree and that NYSDEC need not respond to BWD's comments to the extent this Consent Judgment resolves them.

## VII.      INDEMNIFICATION & CLAIM PROTECTION

10.     Indemnification by BWD.

a.      BWD agrees to indemnify, save, and hold harmless the United States and Northrop Grumman and its officials, agents, employees, contractors, subcontractors, or representatives for or from any and all past, present or future claims and/or causes of action, including, but not limited to, personal injury or property damage claims, arising from, or on account of, negligent or other wrongful acts or omissions of BWD, its officers, directors, employees, agents, contractors, subcontractors, representatives, and any person acting on its behalf or under its control, with respect to BWD's construction and/or operation of treatment systems at BWD Plants No. 4, 5, and 6 or any Replacement Wells.  Further, BWD agrees to pay the United States and Northrop Grumman all actual costs that they incur, including, but not limited to, attorneys' fees and other direct and indirect litigation and settlement costs, arising from, or on account of, claims and/or causes of action asserted against the United States and/or

Northrop Grumman based on negligent or other wrongful acts or omissions of BWD, its officers, directors, employees, agents, contractors, subcontractors, representatives, and any person acting on its behalf or under its control, with respect to construction and/or operation of treatment systems at BWD Plants No. 4, 5, and 6 or any replacement wells.  The United States and Northrop Grumman shall not be held out as a party to any contract entered into by or on behalf of BWD with respect to construction and/or operation of treatment systems at BWD Plants No. 4, 5, and 6 or any replacement wells.  Neither BWD nor any contractor or subcontractor shall be considered an agent or representative of the United States or Northrop Grumman.

b.      BWD also agrees to indemnify and hold harmless the United States and Northrop Grumman with respect to any and all claims and/or causes of action for damages or reimbursement arising from or on account of contract, agreement, or arrangement between BWD and any person or entity with respect to construction and/or operation of treatment systems at BWD Plants No. 4, 5, and 6 or any Replacement Wells.

11.     Protection Against Claims.

a.      The Parties acknowledge and agree, and the Court finds, that the payments to be made by the United States and Northrop Grumman pursuant to Paragraph 6 of this Consent Judgment represent a good faith compromise of all Covered Matters and that the compromise represents a fair, reasonable, equitable and complete resolution, including of matters related to BWD Plants No. 4, 5, and 6 and any Replacement Wells.

b.      The Parties agree, and by entering this Consent Judgment this Court finds, that the United States and Northrop Grumman are entitled, as of the Effective Date of this Consent Judgment, to contribution protection pursuant to CERCLA section 113(f), 42 U.S.C. § 9613(f),

13

the Uniform Comparative Fault Act, GOL Section 15-108, or as may be otherwise provided by law, for the Covered Matters.

## VIII.     GENERAL PROVISIONS

12.     Complete Agreement. This Consent Judgment contains the complete agreement between the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations or discussions, oral or written, relating to the subject matter hereof. There are no warranties, representations, agreements or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for herein.

13.     Modification. This Consent Judgment, including the Appendix, shall not be modified or amended except by mutual written consent of the Parties.

14.     Headings. Any section and paragraph headings in this Consent Judgment are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provisions of this Consent Judgment.

15.     Governing Law. This Consent Judgment shall be governed and interpreted in accordance with United States federal law.

16.     Successors and Assigns.

      a.     This Consent Judgment shall be binding on any successors and assigns of the Parties, including, but not limited to, any entity that acquires title to the BWD public supply wells that are the subject of this Consent Judgment. Any change of ownership, corporate or other legal status of any Party to this Consent Judgment, including, but not limited to, a transfer of assets or real or personal property, shall in no way alter the obligations of any of the Parties under this Consent Judgment.

b.      BWD shall provide notice to the United States and Northrop Grumman within thirty (30) days after the effective date of any change in corporate, municipal, or other legal status.

17.     <u>Effect of Execution and Entry of Consent Judgment</u>.

a.      This Consent Judgment was negotiated and executed by the Parties in good faith and at arm's length and is a fair and equitable compromise of claims that were contested. This Consent Judgment shall not constitute or be construed as an admission of liability by any Party or as an admission of violation of any law, rule, regulation or policy by any Party. Furthermore, this Consent Judgment shall not constitute or be construed as an admission or denial by any Party with respect to any factual allegation set forth by BWD or with respect to any factual or legal issue that was, or could have been, raised.

b.      Upon the Effective Date, this Consent Judgment shall be in effect and shall constitute a final judgment between the Parties with respect to the claims resolved by the Consent Judgment, and this action, entitled <u>Bethpage Water District v. United States of America et al.</u>, No. CV-_____, shall be dismissed with prejudice. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

18.     <u>No Use As Evidence</u>. This Consent Judgment shall not be admissible as evidence in any proceeding other than: (i) to enforce this Consent Judgment; (ii) against third parties to recover costs pursuant to sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613; or (iii) any proceeding where the United States or Northrop Grumman seeks to establish that it is entitled to contribution protection.

19.     <u>Non-Parties to This Consent Judgment</u>.  Nothing in this Consent Judgment is intended to be, nor shall be construed as a waiver, release or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which the Parties may have against any person, firm, partnership, trust, corporation, or any other entity that is not a Party to this Consent Judgment (with the exception of paragraph 8(g)).

20.     <u>Retention of Jurisdiction</u>.  This Court retains jurisdiction over both the subject matter of this Consent Judgment and the Parties for the purpose of enabling any Party to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Judgment, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with the provisions of this Consent Judgment.

21.     <u>Notices</u>.  Whenever, under the terms of this Consent Judgment, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.  All notices and submissions shall be considered effective upon receipt, unless otherwise provided herein.  Notices addressed to the Parties shall be sent by reliable means of transmission with a certified confirmation of receipt to the sender.

For the United States:

> Matthew Silverman
> Chief, Environmental Litigation, Civil Division
> United States Attorney's Office
> Eastern District of New York
> 271 Cadman Plaza East, 7th Floor
> Brooklyn, NY 11201
> Re:  USAO File No. 2020V01714

Chief, Environmental Defense Section
United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044
Re:  DOJ Case No. 90-11-6-19793

**For overnight mail only**:
Chief, Environmental Defense Section
United States Department of Justice
150 M. Street, N.E.
 Suite 4.400
 Washington, DC  20002
 Re:  DOJ Case No.  90-11-6-19793

Commanding Officer
Naval Facilities Engineering Command Mid-Atlantic
9324 Virginia Avenue
Norfolk, Virginia 23511-3095
Attention: Capt. Gordon E. Meek, III


For Northrop Grumman:

Ken Reiss
Corporate director and Assistant General Counsel
Northrop Grumman Corporation
2890 Fairview Park Drive
Mall Stop #12161A
Falls Church, VA 22042-4511
ken.reiss@ngc.com

Grant J. Esposito
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
gesposito@mofo.com

Mark A. Chertok
Sive, Paget & Riesel, P.C.
560 Lexington Avenue, 15th Fl
New York, NY 10022
mchertok@sprlaw.com

For BWD:

>   Superintendent
>   Bethpage Water District
>   25 Adams Avenue
>   Bethpage, NY 11714
>
>   Matthew K. Edling
>   Katie Jones
>   Sher Edling LLP
>   100 Montgomery St., Ste. 1410
>   San Francisco, CA 94104

22.    Appendices.  The following appendix is attached to and incorporated into this Consent

Judgment:

>   "Appendix A" is the Agreement between Northrop Grumman and BWD providing
>   that Northrop Grumman may utilize BWD Plant 4 for remedial purposes.

23.    Original Counterparts.  This Consent Judgment may be executed in any number of

original counterparts, each of which shall be deemed to constitute one agreement.  The

execution of one counterpart by any Party shall have the same force and effect as if that Party

had signed all other counterparts.

24.    Representative Authority.  Each signatory to this Consent Judgment hereby certifies that

s/he has been duly authorized to enter into this Consent Judgment by the Party on whose behalf

the signatory indicates s/he is signing.

18

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of

Bethpage Water District v. United States of America:

**For the United States of America:**

Environment and Natural Resources Division
United States Department of Justice
Post Office Box 23986
Washington, D.C.  20026-3986

BREON PEACE
United States Attorney
Eastern District of New York

By: /s/ MATTHEW SILVERMAN          Dated: 4/8/22
*Digitally signed by MATTHEW SILVERMAN Date: 2022.04.08 07:32:32 -04'00'*

Diane Beckman
Thomas Price
Matthew Silverman
Assistant United States Attorneys
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East, 7th Floor.
Brooklyn, NY 11201


**For Northrop Grumman Systems Corporation:**

By: _____          Dated: 3/16/2022
Colin R. Miller
VP Mission and Quality Assurance
Northrop Grumman Systems Corporation
Aeronautics Systems Sector

By: _____          Dated: March 15, 2022
Mark A. Chertok
Sive, Paget & Riesel, P.C.
560 Lexington Ave, 15th Fl New
York, NY 10022

*Attorneys for Northrop
Grumman Systems Corporation
and Northrop Grumman
Corporation*

19

THE UNDERSIGNED PARTIES enter into this Consent Judgment in the matter of

Bethpage Water District v. United States of America:

**Bethpage Water District:**

By: _____          Dated:   3/11/2022
                                        MKE
        Michael J. Boufis
        Bethpage Water District


By: _____          Dated:      3/11/2022

        Matthew K. Edling
        Katie Jones
        Sher Edling LLP
        100 Montgomery St., Ste. 1410
        San Francisco, CA 94010

        *Attorneys for Bethpage Water District*

IT IS SO ORDERED:

_____          Dated:  _____
United States District Judge

20